# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**KIMMY COLEMAN SMITH**                                                                               **PLAINTIFF**

**V.**                                                                 **NO. 4:16-CV-00059-DMB-JMV**

**CORRECTIONS CORPORATION OF**
**AMERICA, LLC a/k/a Tallahatchie**
**Correctional Facility**                                                             **DEFENDANT**

## ORDER

On February 2, 2017, Corrections Corporation of America ("CCA") filed a motion for leave to file under seal certain exhibits to its motion for summary judgment. Doc. #39. The motion will be granted.

## I
## Procedural History

On January 8, 2016, Kimmy Coleman Smith, a former Unit Manager at CCA's Tallahatchie Correctional Facility, filed a complaint in this Court against CCA. Doc. #1. In her complaint, Smith alleges claims for race discrimination, violation of the Family Medical Leave Act, and retaliation. *Id*.

On December 9, 2016, United States Magistrate Judge Jane M. Virden entered a Stipulated Protective Order Governing Confidential Materials. Doc. #35. Of relevance here, the protective order allows parties to mark documents as confidential and provides:

> In the event a party seeks to file Confidential Documents with the Court, or to file with the Court pleadings or other papers referring to Confidential information derived therefrom, the filing party will seek the Court's leave to file the document, pleading, or other paper under seal as permitted by the Federal Rules of Civil Procedure and Local Rule 79.

*Id*. at 6.

On January 26, 2017, CCA filed a motion for summary judgment. Doc. #37. The memorandum accompanying the motion for summary judgment relies on three documents

(Exhibits F, G, and I) which have been marked as confidential. Doc. #38 at 6 n.1. On February 2, 2017, CCA filed a motion seeking leave to file the three exhibits under seal, with a supporting memorandum brief. Doc. #39; Doc. #40. Smith did not respond to the motion and the time within which she could have done so has expired.

## II
## Applicable Standard

Rule 79 of the Uniform Local Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Rule 79 instructs that "[n]o document may be sealed merely by stipulation of the parties." *Id*. at 79(d). Though "[a] confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule," "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." *Id.* at 79(d), (b). In considering whether to grant a motion to seal, there is a "presumption in favor of the public's access to judicial records," and the decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848–49 (5th Cir. 1993). Where, as here, the documents sought to be sealed are exhibits to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n.11 (11th Cir. 2001) ("The better rule is that material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the

common-law right ....").

## III
## Analysis

CCA seeks leave to seal three exhibits to its summary judgment motion – Exhibit F ("a confidential investigative report prepared by CCA's in-house investigator"), Exhibit G ("a compilation of incident statements prepared by CCA employees regarding the Plaintiff in this case"), and Exhibit I ("a confidential investigative report … regarding specific complaints made about Plaintiff"). Doc. #40 at 2–3. CCA argues that each of these documents contain statements and information provided by inmates and/or employees of CCA with an expectation of confidence. *Id*. at 3. CCA contends that the Court should seal these documents "to protect these people and their expectation of confidentiality …." *Id*. at 3–4.

Courts have found sufficient grounds to seal a company's internal investigation where the report "contains confidential findings … that are normally unavailable to the public." *United States ex rel. Carter v. Haliburton Co.*, No. 1:10-cv-864, 2011 WL 2077799, at *3 (E.D. Va. May 24, 2011). In such a case, "[t]he public's interest in access is outweighed … by the [company's] interest in preserving confidentiality." *Id*. Furthermore, the interest in preserving confidentiality is particularly strong when the internal investigation includes statements provided by inmates and prison employees. *See generally Butler v. Harrington*, No. 13-cv-1270, 2014 WL 90724, at *7 (S.D. Ill. Jan. 9, 2014) ("Concerns for institutional security and the safety of individual inmates dictate the need for prison officials to protect the confidentiality of a prisoner who provides information used in a disciplinary proceeding against another inmate.").

Upon consideration, the Court concludes that the public's interest in access is outweighed by the countervailing interest in protecting the identities of prison employees and inmates who provided statements on internal prison matters with an expectation of confidentiality. Accordingly, CCA's motion to seal [39] is **GRANTED**. CCA may file under seal Exhibits F, G,

and I, to its motion for summary judgment.

**SO ORDERED**, this 17th day of February, 2017.

                                              **/s/ Debra M. Brown**
                                              **UNITED STATES DISTRICT JUDGE**